IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES C. WOODHAM,** | : | |
|  Petitioner | : | No. 1:25-cv-00575 |
| | : | |
|  v. | : | (Judge Kane) |
| | : | |
| **SUPERINTENDENT OF SCI** | : | |
| **HOUTZDALE, et al.,** | : | |
|  Respondents | : | |

## MEMORANDUM

Currently before the Court is the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by pro se Petitioner James C. Woodham ("Woodham") in which he raises challenges to the weight and sufficiency of the evidence supporting his criminal convictions, as well as a claim that his trial counsel was ineffective. For the reasons set forth below, the Court will dismiss Woodham's weight of the evidence claims and order him to show cause why the Court should not dismiss the remainder of his petition as untimely.

**I. BACKGROUND**

On November 15, 2019, a jury sitting in the Court of Common Pleas of Bradford County found Woodham guilty of one (1) count of theft by deception (18 Pa. C.S. § 3922), one (1) count of criminal attempt to commit retail theft (18 Pa. C.S. §§ 901, 3929), and two (2) counts of conspiracy to commit retail theft (18 Pa. C.S. §§ 903, 3929). See Commonwealth v. Woodham, Nos. 378 MDA 2020, 379 MDA 2020, 380 MDA 2020, 2021 WL 1754436, at *1 (Pa. Super. Ct. May 4, 2021).[1] On January 13, 2020, the trial court sentenced Woodham to an aggregate

---

[1] The Commonwealth charged Woodham with theft-related offenses in three separate criminal informations, all which were consolidated for the jury trial. See id. at *1 & n.5; see also Commonwealth v. Woodham, No. CP-08-CR-0000633-2019 (Bradford Cnty. Ct. Com. Pl. filed Oct. 19, 2018); Commonwealth v. Woodham, No. CP-08-CR-0000634-2019 (Bradford Cnty. Ct. Com. Pl. filed May 16, 2019); Commonwealth v. Woodham, No. CP-08-CR-0000636-2019

sentence of imprisonment for a minimum of forty-two (42) months to a maximum of one-hundred-eight (108) months imprisonment. See Woodham, 2021 WL 1754436, at *2. Woodham filed post-sentence motions, which the trial court denied. See id. at *3. Thereafter, Woodham filed a notice of appeal to the Pennsylvania Superior Court. See id.

The Superior Court issued an opinion on May 4, 2021, in which it affirmed Woodham's convictions except for his criminal attempt to commit retail theft conviction and remanded the case to the trial court for resentencing. See id. at *1, 8. On July 30, 2021, Woodham was resentenced to an aggregate term of imprisonment for a minimum of thirty (30) months to a maximum of eighty-four (84) months. See Commonwealth v. Woodham, Nos. 1741 MDA 2022, 1742 MDA 2022, 1743 MDA 2022, 2023 WL 6158536, at *1 (Pa. Super. Ct. Sept. 21, 2023); Commonwealth v. Woodham, No. CP-08-CR-0000636-2019 (Bradford Cnty. Ct. Com. Pl. filed June 15, 2019). Woodham did not appeal from his new judgment.

On November 22, 2021, Woodham filed a petition for post-conviction collateral relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§ 9541–46 ("PCRA"), in his three (3) criminal cases. See Woodham, 2023 WL 6158536, at *2. The PCRA court appointed counsel to represent Woodham, and counsel filed an amended PCRA petition. See id. The PCRA counsel later denied Woodham's amended PCRA petition on the merits, after which Woodham filed an appeal to the Superior Court. See id. On September 21, 2023, the Superior Court affirmed the denial of Woodham's amended PCRA petition. See id. at *1, 8. Woodham then

---

(Bradford Cnty. Ct. Com. Pl. filed June 15, 2019). The Court takes judicial notice of the dockets in Woodham's underlying criminal cases, which are available on the Unified Judicial System of Pennsylvania Web Portal (https://ujsportal.pacourts.us/CaseSearch (last visited June 5, 2025)). See Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the Court denied on March 25, 2024.  See Commonwealth v. Woodham, 315 A.3d 833 (Pa. 2024) (table).

Woodham filed the instant Section 2254 petition on March 23, 2025.[2]  (Doc. No. 1.)  In the petition, Woodham raises two (2) weight of the evidence claims, two (2) sufficiency of the evidence claims, and a claim that the PCRA court erred by not concluding that his trial counsel was ineffective for failing to object to, and "request[,] protective measures and/or limiting instruction[s] to the [certain] testimony" elicited by the Commonwealth about Woodham's "alleged drug use and prior bad acts."  (Doc. No. 1-1 at 51–52, 73–74, 93.)

## II.     LEGAL STANDARDS

### A.     Screening of Section 2254 Habeas Petitions

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions.  See R. 4, 28 U.S.C. foll. § 2254.  When conducting this review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See id.

---

[2]  The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk."  See Houston v. Lack, 487 U.S. 266, 276 (1988).  Here, Woodham includes a declaration with his petition in which he states that he provided his petition in the prison mailing system on March 23, 2025.  (Doc. No. 1 at 7.)  As such, the Court uses March 23, 2025, as the petition's filing date.

In addition, although Woodham neither remitted the filing fee nor sought leave to proceed in forma pauperis along with his petition, he later remitted the fee.  (Unnumbered Docket Entry After Doc. No. 5.)

3

     **B.**     **Section 2254 Habeas Petitions**

A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of their confinement and seeking "immediate release or a speedier release from that imprisonment." See Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973); Leamer v. Fauver, 288 F.3d 532, 542–44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that [they are] in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Claimed violations of state law, standing alone, will not entitle a petitioner to relief, absent a showing that those violations are so great as to be of a constitutional dimension. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Furthermore, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must have exhausted the remedies available to them in the courts of the state. See 28 U.S.C. § 2254(b)(1)(A).

These same principles that limit habeas relief to errors of a constitutional dimension also require federal courts to give an appropriate degree of deference to the factual findings and legal rulings made by the state courts during state criminal proceedings. There are two critical components to this deference mandated by Section 2254.

First, with respect to legal rulings by state courts, habeas relief is unavailable to a petitioner for any claim that has been adjudicated on its merits in state court unless it can be shown that the state court decision was either: (1) "contrary to" or involved an unreasonable

application of clearly established case law; see id. § 2254(d)(1); or (2) was "based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," see id. § 2254(d)(2). Applying this deferential standard of review, federal courts frequently decline invitations by habeas petitioners to substitute their legal judgments for the considered views of the state trial and appellate courts. See Rice v. Collins, 546 U.S. 333, 338–39 (2006) (concluding that state court's decision on petitioner's peremptory challenge based on Batson v. Kentucky, 476 U.S. 79 (1986), "was not an unreasonable determination of the facts in light of the evidence presented to the state court"); see also Warren v. Kyler, 422 F.3d 132, 139–40 (3d Cir. 2006) (determining that state court's decision to apply presumption in the applicable version of 42 Pa. C.S. § 9714 was not "an objectively unreasonable application of clearly established federal law"); Gattis v. Snyder, 278 F.3d 222, 231 (3d Cir. 2002) ("We agree with the District Court that the state court decisions are not contrary to clearly established federal law.").

In addition, the determination of a factual issue by a state court is presumed to be correct unless the petitioner can show by clear and convincing evidence that this factual finding was erroneous. See 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). This presumption in favor of the correctness of state court factual findings has been extended to a host of factual findings made during criminal proceedings. See, e.g., Maggio v. Fulford, 462 U.S. 111, 117 (1983) (per curiam) (explaining that under the applicable standard, "we have not the slightest hesitation in saying that the trial court's conclusion as to [the defendant's] competency was fairly supported by the record" (citation and

internal quotation marks omitted)). This principle applies to factual findings made both by the state trial court and state appellate courts. See Rolan v. Vaughn, 445 F.3d 671, 679 (3d Cir. 2006) ("Generally, federal courts defer to state appellate court determinations of fact."). Thus, this Court may not reassess credibility determinations made by the state courts and must give equal deference to both the explicit and implicit factual findings made by the state courts. See Weeks v. Snyder, 219 F.3d 245, 258 (3d Cir. 2000) ("[W]e must provide the same presumption of correctness required by § 2254(e)(1) to the state courts' implicit factual findings as we provide to express findings of the state courts." (citing Campbell v. Vaughn, 209 F.3d 280, 285–86 (3d Cir. 2000))). Applying this standard of review, federal courts may only grant habeas relief whenever "[o]ur reading of the PCRA court records convinces us that the Superior Court made an unreasonable finding of fact." See Rolan, 445 F.3d at 681.

### III.    DISCUSSION

#### A.    Weight of the Evidence Claims

Unlike Woodham's challenges to the sufficiency of the evidence, his challenges to the weight of the evidence are not cognizable in a Section 2254 habeas action. See Marshall v. Lonberger, 459 U.S. 422, 434–35 (1983) (explaining that federal courts are not permitted "to redetermine [the] credibility of witnesses whose demeanor has been observed [only] by the state trial court"); Tibbs v. Florida, 457 U.S. 31, 37–45 (1982) (explaining that weight-of-the-evidence claims raise questions of credibility and are materially different from claims that evidence was insufficient to support a conviction); Hyde v. Shine, 199 U.S. 62, 84 (1905) ("In the Federal courts, . . . it is well settled that upon habeas corpus the court will not weigh the evidence[.]"); Davis v. Sup't Frackville SCI, No. 22-1513, 2022 WL 4289603, at *1 (3d Cir. Aug. 25, 2022) (unpublished) (denying certificate of appealability and noting that petitioner's "weight-of-the-

evidence claim is not cognizable on federal habeas review" (citation omitted)); Lockhart v. Sup't Houtzdale SCI, No. 14-4081, 2015 WL 13895987, at *1 (3d Cir. July 1, 2015) (same); Michaels v. Harry, No. 20-cv-00324, 2020 WL 1984205, at *3 (M.D. Pa. Apr. 27, 2020); see also Moore v. Mackey, No. 24-3534, 2024 WL 5346507, at *3 (6th Cir. Oct. 15, 2024) (unpublished) ("As the district court concluded, Moore's argument that the weight of the evidence was against the verdict is not cognizable in federal habeas." (citation omitted)), cert. denied, 145 S. Ct. 1316 (2025); McKinnon v. Sup't, Great Meadow Corr. Facility, 422 F. App'x 69, 75 (2d Cir. 2011) (unpublished) ("[T]he argument that a verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus . . . ."). Accordingly, the Court will dismiss Woodham's weight of the evidence claims.

B.     **Sufficiency of the Evidence Claims**

Regarding Woodham's remaining sufficiency of the evidence claims, they appear to be time-barred and procedurally defaulted. Beginning with the statute of limitations, the Antiterrorism and Effective Death Penalty Act of 1996 provides for a one-year statute of limitations, which, as pertinent here, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). When calculating the commencement of the statute of limitations for purposes of subsection (A), the Court must determine when Woodham's judgment became final.

"Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" See Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999) (quoting Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) and citing Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999)). Here, Woodham's judgment became final

7

on August 29, 2021, when he did not file an appeal to the Superior Court after his resentencing on July 30, 2021. See Pa. R.A.P. 903(a)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."). Therefore, AEDPA's one-year statute of limitations began to run on August 29, 2021, and Woodham had one (1) year from that date to file a Section 2254 petition unless any statutory or equitable tolling period applies.

Concerning statutory tolling, AEDPA contains a tolling provision, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." See 28 U.S.C. § 2244(d)(2). A "properly filed application" for state post-conviction collateral review is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." See Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). "State prisoners therefore must file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001). If the state court dismisses a late-filed application for post-conviction collateral review because it is time-barred, the application does not constitute a "properly filed application" for AEDPA tolling purposes. See Merritt v. Blaine, 326 F.3d 157, 165–66 (3d Cir. 2003).

As indicated above, Woodham appears to have timely filed a PCRA petition in the Court of Common Pleas on or about November 22, 2021. At the time Woodham filed his PCRA petition, one hundred and fifteen (115) days of the one (1)-year AEDPA limitations period had passed. However, once he filed his timely PCRA petition, the limitations period tolled until the conclusion of those proceedings in the Pennsylvania state courts.

8

As also indicated above, Woodham's PCRA proceedings concluded with the Pennsylvania Supreme Court denying his petition for allowance of appeal on March 25, 2024. At this point, the clock started again on Woodham's time to file a Section 2254 petition in this Court. By the time Woodham filed the instant habeas petition on March 23, 2025, three hundred and sixty-three (363) days had passed. Overall, it appears that approximately four hundred and seventy-eight (478) days passed before Woodham filed his Section 2254 habeas petition, which is well beyond AEDPA's one (1)-year limitations period in Section 2244(d)(1)(A). Given that Woodham's habeas petition appears to be facially untimely, the only way that the Court could consider it is if some form of equitable tolling applies.

AEDPA's one-year statute of limitations is subject to equitable tolling "in appropriate cases." See Holland v. Florida, 560 U.S. 631, 634, 649 (2010). A "'petitioner' is 'entitled to equitable tolling' only if [they] show[] '(1) that [they] ha[ve] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way' and prevented timely filing." See id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis removed in original)); see also Pace, 544 U.S. at 419 (explaining that "[u]nder long-established principles, [a] petitioner's lack of diligence" will "preclude[] equity's operation" (citations omitted)). In generally, equitable tolling may be appropriate if (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum." See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Fahy, 240 F.3d at 244). "[T]here are no bright lines in determining whether equitable tolling is warranted in a given case. Nevertheless, courts must be sparing in their use of equitable tolling, and should do so only when the principles of equity would make the rigid application of a limitation period

9

unfair." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (internal quotation marks and citations omitted).

Woodham does not include any arguments in his petition that would warrant the Court's exercise of discretion to toll the limitations period at this time.  It is unsurprising that Woodham did not pose any arguments about equitable tolling considering that he mistakenly believes that he timely filed his petition.  See (Doc. No. 1 at 5 (stating that "[t]his petition is timely")).  Nevertheless, the Court will provide Woodham with the opportunity to address the equitable tolling issue before the Court dismisses the petition as untimely.  See Day v. McDonough, 547 U.S. 198, 210 (2006) (determining that district courts must provide notice and opportunity to respond before sua sponte dismissing habeas petitions as untimely).

### III.    CONCLUSION

For the reasons discussed above, the Court will dismiss Woodham's weight of the evidence claims and order him to show cause why the Court should not dismiss the remainder of his Section 2254 petition because he did not file it within the applicable AEDPA limitations period.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania